UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| AMY COHEN, et al., each individually and on behalf of all others similarly situated,<br>     plaintiffs,<br>v.<br>BROWN UNIVERSITY,<br>VARTAN GREGORIAN, and<br>DAVID ROACH,<br>     defendants. | C.A. No. 92-0197 |

## MODIFIED ORDER

PETTINE, RAYMOND J., Senior U.S. District Judge

    Defendants have appealed this Court's Opinion and Order issued on March 29, 1995. Plaintiffs now assert that the judgment is not yet appealable as a final judgment pursuant to 28 U.S.C. § 1291 in that this Court stayed the requirement that defendants submit a compliance plan pending appeal. Plaintiffs contend that the First Circuit may therefore decline to hear the case for lack of appellate jurisdiction. Plaintiffs move, pursuant to Fed.R.Civ.P. 59 and 60, to vacate or amend this Court's judgment in order to ensure the jurisdiction of the appellate court over this case and thereby secure efficient disposition of the case on appeal. Although this is not a clearly defined area in the First Circuit, I am persuaded by plaintiffs' arguments and the interests of the public in expediting an appellate decision in this case. Therefore, the Order will be modified as set forth below.

    The jurisdiction of the courts of appeals is normally confined to the review of final orders, 28 U.S.C. § 1291 (1976), or to the

classes of interlocutory orders described in 28 U.S.C. § 1292(a) (1976). Plaintiffs contend that this Court's Order is not a "final" judgment within the meaning of 28 U.S.C. § 1291.[1] This Court ordered Brown University to submit a comprehensive plan within 120 days for complying with Title IX. I stayed this order pending appeal.

The traditional definition of a final order is "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945). However, the Supreme Court has recognized a "twilight zone of finality," Gillespie v. United States Steel Corp., 379 U.S. 148, 152 (1946), and has determined that finality should be given a 'practical rather than a technical construction.'" Massachusetts Ass'n for Retarded Citizens v. King, 643 F.2d 899, 904 n.12 (1st Cir. 1981) (citing Gillespie, 379 U.S. at 152. See also Brown Shoe Co. v. United States, 370 U.S. 294, 306 (1962) (noting that "[a] pragmatic approach to the question of finality has been considered essential to the achievement of the 'just, speedy, and inexpensive determination of every action'") (footnote omitted).

While it is often difficult to assess finality in practical terms, numerous courts have found that a judgment ordering a remedial plan is not "final" for the purposes of appellate court review. See, e.g., Inmates of Allegheny County Jail v. Wecht, 874 F.2d 147, 155-56 (3d Cir.) (order requiring county officials to

---

[1] 28 U.S.C. § 1291 provides that:
The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . except where a direct review may be had in the Supreme Court. . . .

prepare a plan for construction of new jail facility not appealable), vacated on other grounds, 493 U.S. 948 (1989); Balla v. Idaho State Bd. of Corrections, 869 F.2d 461, 464 (9th Cir. 1989) (order containing a declaration of legal principles as well as a requirement to submit a plan which would establish a psychiatric care program for prisoners was, by its own terms, incomplete); Sherpell v. Humnoke Sch. Dist., 814 F.2d 538, 539-40 (8th Cir. 1987) (order finding school environment racially discriminatory and ordering formation of biracial committee as well as formulation and submission of remedial plans not appealable under section 1291); Groseclose v. Dutton, 788 F.2d 356, 358-61 (6th Cir. 1986) (court order finding death row conditions unconstitutional and ordering nomination of a master and submission of a remedial plan not a final judgment); Hoots v. Commonwealth of Pa., 587 F.2d 1340, 1347-1348 (3d Cir. 1978) (order requiring defendants to prepare and submit a plan for desegregation was neither a final order nor an appealable interlocutory order which could vest the court with appellate jurisdiction); Taylor v. Board of Educ., 288 F.2d 600, 601-02 (2d Cir.) (order directing school board to submit desegregation plan not appealable), aff'd, 294 F.2d 36 (2d Cir.), cert. denied, 368 U.S. 940 (1961). Although courts have also found some orders requiring submission of remedial plans to be "final" judgments, the parameters of "finality" in the context of remedial plans are not well-settled in the First Circuit. As the Supreme Court has noted, "final" in the context of appealability is sometimes an "abstruse and infinitely uncertain

term." <u>Will v. United States</u>, 389 U.S. 90, 108 (1967) (Black, J., concurring). Therefore, in the interest of promoting judicial economy and providing the appellate court with certain jurisdiction, this Court will modify its Order of March 29, 1995.

Only that portion of the Opinion and Order requiring Brown University to submit, within 120 days, a comprehensive plan for complying with Title IX, and staying this requirement, is modified. It is hereby ordered that defendants submit to this Court for approval a comprehensive plan for compliance with Title IX within 60 days, and this Order is effective immediately. I recognize that this modification places Brown in a difficult position that I initially sought to avoid in the original Order. However, after defendants submit a plan that is approved by this Court, they may protect their interests by applying to this Court or the Court of Appeals for a stay of execution of the plan pursuant to Fed.R.App.P. 8(a) and Fed.R.Civ.P. 62. <u>See</u>, e.g., <u>Isla Petroleum Corp. v. Dep't of Consumer Affairs</u>, 640 F.Supp. 474, 517-19 (D.P.R. 1986), <u>rev'd on other grounds</u>, 485 U.S. 495 (1988).

SO ORDERED:

_____
Raymond J. Pettine
Senior U.S. District Judge

May 3, 1995

                Entered as an Order of this Court May 4, 1995.

                                            _____
                                            Deputy Clerk