**Lynette Labinger**

| | |
|---|---|
| **From:** | Lynette Labinger |
| **Sent:** | Thursday, June 11, 2020 3:21 PM |
| **To:** | Green, James |
| **Cc:** | Raymond A. Marcaccio (ram@om-rilaw.com); Amato DeLuca (bud@delucaandweizenbaum.com); Leslie Brueckner (lbrueckner@publicjustice.net); Sandra L. Duggan (sduggan@lfsblaw.com); Arthur Bryant |
| **Subject:** | RE: Cohen v. Brown University |

Hi Jim:

Brown has posted extensively concerning its decision-making process, but does not appear to have posted any of the committee studies, notes, analyses or reports that led to the determination to cut teams, including 5 women's varsity sports.

Accordingly, please provide us the following documents, or, if they are available on the internet, the URLs where they can be found:

1. The proceedings of the consultants who conducted an external review of Brown Athletics, apparently commencing in the 2018-19 academic year, including:
    a. All committee/consultant meeting agenda and minutes, and correspondence with the University
    b. All charges to committee/consultant
    c. All data reviewed by the committee/consultant
    d. All analyses of team composition, sizes, rosters, including projections and "what-if scenario" analyses
    e. All reports and recommendations made by the committee/consultant

2. The proceedings of the Committee on Excellence in Athletics, including:
    a. All committee meeting agenda and minutes, and correspondence with the University
    b. All charges to committee
    c. All data reviewed by the committee, including reports and recommendations provided by or through the staff to the committee
    d. All analyses of team composition, sizes, rosters, including projections and "what-if scenario" analyses
    e. All reports and recommendations made by the committee, including all projections of team size, composition, and rosters of the "before" and "after" program

3. The proceedings and actions of the University (defined as including all departments and offices, including the Department of Athletics, Office of the President, Board of Trustees and Corporation) in considering, adopting and/or approving the decision, including:
    a. All committee meeting agenda and minutes, and correspondence within the University
    b. All data reviewed by the University not provided above
    c. All analyses of team composition, sizes, rosters, including projections and "what-if scenario" analyses, not provided above
    d. All reports, recommendations made and/or resolutions adopted by the University, including all projections of team size, composition, and rosters of the "before" and "after" programs

**Exhibit G**

While it would be ideal to have this in hand before our conference call tomorrow at 1 pm, due to the exigencies of time, we are specifically asking that the conference NOT be delayed in order for you to provide this information.

Best,

Lynette Labinger
Lynette Labinger, Attorney at Law
128 Dorrance Street, Box 710
Providence, RI 02903
401-465-9565
LL@labingerlaw.com

**************************************************
STATEMENT OF CONFIDENTIALITY
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information.  If you are not the intended recipient, please notify Lynette Labinger immediately at (401) 465-9565 and destroy all copies of this message and any attachments.

---

**From:** Lynette Labinger
**Sent:** Wednesday, June 10, 2020 8:22 PM
**To:** Green, James <jmgreen@brown.edu>
**Cc:** Raymond A. Marcaccio (ram@om-rilaw.com) <ram@om-rilaw.com>; Amato DeLuca (bud@delucaandweizenbaum.com) <bud@delucaandweizenbaum.com>; Leslie Brueckner (lbrueckner@publicjustice.net) <lbrueckner@publicjustice.net>; Sandra L. Duggan (sduggan@lfsblaw.com) <sduggan@lfsblaw.com>; Arthur Bryant <abryant@baileyglasser.com>
**Subject:** Re: Cohen v. Brown University; Notice of Gross Violation

Hi Jim—Arthur Bryant will also be participating in the call on Friday at 1 pm.  I will circulate a conference call-in number.

Lynette Labinger, Attorney at Law
LL@labingerlaw.com
128 Dorrance St., Box 710
Providence, RI 02903
401-465-9565

On Jun 10, 2020, at 2:59 PM, Lynette Labinger <ll@labingerlaw.com> wrote:

> Hi Jim—Let's talk at 1 pm on Friday.  Given the significance of the decision-making, it is disappointing that Brown, as an institution, is apparently unprepared to address this issue immediately.
>
> In the meantime, pursuant to  Section V.(D) of the Agreement ("Additional Information"), please provide the year-end athletic information for 2019-20, which should be available due to the early end of competition due to COVID-19, so that we can evaluate the current level of compliance with the Settlement Agreement.
>
> Best,
>
> Lynette Labinger

**Exhibit G**

Lynette Labinger, Attorney at Law
128 Dorrance Street, Box 710
Providence, RI 02903
401-465-9565
LL@labingerlaw.com

************************************************
STATEMENT OF CONFIDENTIALITY
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information.  If you are not the intended recipient, please notify Lynette Labinger immediately at (401) 465-9565 and destroy all copies of this message and any attachments.

**From:** Green, James <jmgreen@brown.edu>
**Sent:** Wednesday, June 10, 2020 1:00 PM
**To:** Lynette Labinger <ll@labingerlaw.com>
**Subject:** Re: Cohen v. Brown University; Notice of Gross Violation

Lynette, I am in receipt of the Notice of Gross Violation which you forwarded earlier today. I will not be ready at 3pm today to discuss the substantive issues. I will be prepared to discuss compliance issues by Friday afternoon. I can be available to share information and discuss this issue any time after 1 pm on Friday. Please let me know when you are able to discuss. Jim



**J.M. (Jim) Green**
Deputy General Counsel
Office of the General Counsel
Brown University
Box 1913
Providence, RI  02912
JMGreen@brown.edu  |  401.863.3122

On Wed, Jun 10, 2020 at 11:38 AM Lynette Labinger <ll@labingerlaw.com> wrote:

> Dear Jim:
>
> You are hereby notified that Brown's actions to go forward with its announced decision to cut five viable women's teams from the varsity program while reversing its decision to eliminate men's cross-country and track—which was presented by you to me (and in the announcement below and referenced letter from the President of June 6, 2020) as necessary for Brown to achieve a program within 2.25% of the permitted variance—constitutes a "gross violation" of the Settlement Agreement within the meaning of Section V.(E) for which Plaintiffs are authorized to seek direct court intervention after notice, given herewith, and a reasonable period of time to meet and confer in an attempt to resolve the issue.

3

**Exhibit G**

It does not appear that Brown's decision to cut five viable women's varsity teams while retaining men's cross-country and track is calculated to achieve, nor will it achieve, a variance of 2.25% or less.  Unless Brown presents the precise methods and numbers by which Brown can demonstrate its ability to achieve compliance within the permitted variance of 2.25% for 2020-2021 after eliminating five viable women's teams from its varsity roster, we consider Brown's revised plan to be a deliberate decision not to comply with the Settlement Agreement.

We have scheduled a telephone call for 3 pm today.  Please have facts and figures available.  Time is of the essence.

Best,

Lynette Labinger, Attorney at Law
LL@labingerlaw.com
128 Dorrance St., Box 710
Providence, RI 02903
401-465-9565



OFFICE OF THE PRESIDENT
BROWN UNIVERSITY

Dear Brown Community,

We have heard clearly from our community over the past couple of weeks that the University's decision to transition men's varsity track, field and cross country to club status will have real and lasting implications for efforts to build and sustain diverse and inclusive communities for our students at Brown, and particularly our community of black students and alumni.

4

**Exhibit G**

Our students, alumni and parents took the time to share their deeply personal stories of the transformative impact that participation in track, field and cross country has had on their lives. Many noted that, through Brown's history, these sports have been a point of entry to higher education for academically talented students who otherwise would not have had the opportunity, many of them students of color. In addition, we heard from members of the women's track, field and cross country teams who made a compelling case that eliminating the men's program would adversely impact the women's program.

Considering these and other factors, the University has decided to reinstate the varsity status of men's track, field and cross country at Brown. This change is effective immediately and does not alter other decisions to reduce the number of varsity sports as part of the Excellence in Brown Athletics Initiative.

As I wrote in my [letter to the community](#) on Saturday, the primary reason for eliminating men's track, field and cross country was to help Brown remain in compliance with a 1998 settlement agreement stemming from a Title IX lawsuit. This was not the case for any of the other teams that were transitioned out of varsity status.

This settlement agreement, which pertains only to Brown and is unique in all of collegiate athletics, created tight constraints specific to Brown regarding the balance of varsity athletics opportunities for women relative to men. The University has achieved the required balance historically by maintaining squad sizes of men's teams that, on average, are below Ivy League squad sizes. This has been an impediment to Brown achieving broad athletic excellence. At the same time, and as a result, Brown has a larger fraction of athletics opportunities for women than most of its peers.

The reinstatement of men's track, field and cross country will have implications for the squad sizes of Brown's varsity teams. However, we have determined that with some modifications, Brown will be able to remain in compliance with the requirements of the legal settlement and with Title IX for the time being. In the coming year, the University will

**Exhibit G**

examine alternative strategies for addressing the issues that arise from the settlement agreement.

Maintaining and strengthening diversity was a foundational principle in considering the final makeup of varsity teams from the outset of the Excellence in Brown Athletics Initiative. The original revised roster of varsity sports maintained Brown's overall diversity in varsity athletics, but we now more fully appreciate the consequences of eliminating men's track, field and cross country for black students in our community and among our extended community of black alumni.

As I shared this weekend, members of the Brown athletics community will receive invitations in the coming days to participate in virtual meetings to hear directly from Director of Athletics Jack Hayes and me about the decisions underlying the athletics initiative. We hope to address common questions being raised and ongoing areas of concern.

Again, I remain committed to the decision to reduce the number of varsity teams to increase the competitiveness of athletics at Brown. We will do so while providing equal opportunities to participate in athletics, regardless of sex, and remaining true to our values of supporting diversity and inclusion.

Sincerely,

Christina H. Paxson
President



BROWN

6

**Exhibit G**

You are receiving this email because Brown's records indicate that you receive general updates about th University. If you don't wish to receive future emails like this, please unsubscribe.

Brown University, Box 1893, Providence, RI 02912, USA | Privacy Policy

7

**Exhibit G**