UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| AMY COHEN, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> BROWN UNIVERSITY, CHRISTINA PAXSON, *as successor to* VARTAN GREGORIAN, and JACK HAYES, *as successor to* DAVID ROACH, <br><br> *Defendants*. | Case No. 92 Civ. 0197 |

**AMENDMENT TO THE JOINT AGREEMENT**

This Amendment to the Joint Agreement is made between Plaintiffs and Defendants Brown University ("Brown"), Christina H. Paxson, and Jack Hayes.

WHEREAS Plaintiffs initiated this action on April 4, 1992, alleging violations of Title IX of the Education Amendments, 20 U.S.C. §1681;

WHEREAS Plaintiffs and Defendants entered into a Joint Agreement on June 23, 1998, which the Court entered as its Judgment in this case on October 15, 1998 (hereinafter "Joint Agreement");

WHEREAS Brown announced certain changes to its varsity athletics offerings on May 28, 2020, and June 9, 2020;

WHEREAS Plaintiffs filed a Motion to Enforce Judgment, to Adjudge in Contempt, and for Emergency Relief ("Plaintiffs' Motion"), alleging a gross violation of the Joint Agreement on June 29, 2020;

WHEREAS Defendants expressly denied that they were in violation of the Joint Agreement.

WHEREAS Plaintiffs and Defendants (together, the "Parties") reached the agreement reflected in this Amendment to the Joint Agreement (hereinafter "Amendment"), which, if approved by the Court, will resolve the Parties' dispute regarding the claims and issues presented by Plaintiffs' Motion;

NOW, THEREFORE, in consideration of the mutual promises and covenants contained herein, it is agreed by, between, and among the Parties that, subject to Court approval, the Parties' dispute regarding the claims and issues presented by Plaintiffs' Motion shall be fully and completely settled and resolved according to the following terms and conditions:

I. **GENERAL PROVISIONS**

    A.    This Amendment shall be binding on the Parties hereto, as well as their successors, as the case may be, only if approved by the Court as set forth herein.

    B.    This Amendment modifies the Joint Agreement.  In case of a conflict between the provisions of this Amendment and any other provisions of the Joint Agreement, the provisions of this Amendment shall govern.

    C.    Except as expressly amended or modified by this Amendment, all terms, covenants and provisions of the Joint Agreement are and shall remain in full force and effect until August 31, 2024.

    D.    This Amendment resolves all issues and claims for relief, including injunctive or declaratory relief, presented by Plaintiffs' Motion.

II. **BROWN'S INTERCOLLEGIATE ATHLETICS PROGRAM**

    A.    Upon Preliminary Approval of the Amendment by the Court, Brown shall restore to varsity status certain teams that Brown has selected.  These teams are:

        1.    Women's Equestrian; and

    2. Women's Fencing.

 B. During the remaining term of the Joint Agreement as amended by this Amendment:

    1. If Brown restores to varsity status a men's team that was slated to transition from varsity to club status in May 2020, other than the previously restored men's track & field and cross country teams, then the total number of women's teams restored to varsity status must be at least two greater than the number of men's teams restored.

    2. Brown shall not add any additional men's teams to its varsity program other than as provided above.

 C. Brown will maintain at least the same level of support for each varsity women's team it restores to varsity status that the team received before the team was transitioned from varsity status in May 2020, although the level of support may be reduced commensurate with reductions in the overall level of funding for Brown's athletics program.

    1. In the event that there are reductions in the overall level of funding for Brown's athletics program, Brown will not reduce overall funding for its women's teams any more than it reduces overall funding for its men's teams with the exception that, in a year in which a team does not compete due to COVID-19, that team's operating budget may be reduced to reflect declines in the expenses associated with training, team travel and other aspects of competition, which may result in variation between teams that play in different seasons.

    2. Information concerning the level of support for each of the restored teams

3

                    is contained in Brown's annual EADA reports, which will be provided to Plaintiffs' counsel within ten (10) business days of submission. Brown will provide that same information for each of the restored teams in its final annual report provided under the Joint Agreement no later than August 1, 2024.

    D.    Plaintiffs acknowledge that Brown has elevated its sailing program to varsity status and has announced the creation of separate Women's and Co-ed varsity sailing teams. Brown acknowledges that Plaintiffs do not agree that these are two separate teams. The Parties agree that the amended Joint Agreement does not resolve this dispute.

        1.    To calculate the average number of male and female sailors on the first and last day of competition for purposes of the Joint Agreement, each individual identified on one or more sailing squad list(s) shall be counted only as a single participant. Counting participation opportunities for sailing in this way for purposes of the Joint Agreement is without prejudice to Brown treating or counting participation opportunities on its sailing teams differently in any other context.

    E.    Brown shall not reduce the status of or eliminate any women's varsity team for the remaining term of the Joint Agreement as amended by this Amendment.

## III.   REMAINING TERM OF THE JOINT AGREEMENT

    A.    The Joint Agreement shall terminate on August 31, 2024.

    B.    Brown's reporting obligation and the attendant deadline under Section V.A of the Joint Agreement (*i.e.*, by no later than August 1, 2024), shall remain in full force

and effect through August 31, 2024.

  C. For the 2023-2024 academic year only, Brown shall provide interim reports of participation rates within thirty days after the first date of competition for each varsity team.  The Parties acknowledge that these interim reports will be a snapshot in time of the current season, and that they will not be determinative of whether Brown is in violation of the 2.25% variance requirement under the Joint Agreement.

IV. **DISPUTE RESOLUTION**

  A. If, between now and the time at which the Joint Agreement terminates in August 2024, the Parties have a dispute as to whether Brown remains in compliance with the provisions herein or the 2.25% variance in the Joint Agreement, the parties agree to first mediate their dispute in good faith before Magistrate Judge Patricia A. Sullivan.  If any such mediation is unsuccessful, either party may seek court intervention, including in the event of a purported gross violation.

    1. If Magistrate Judge Sullivan is unable to serve as mediator, then the Parties shall select another mediator within three (3) business days.  The Parties will use their best efforts to agree upon another mediator.

    2. If, however, the Parties cannot come to an agreement on another mediator within three (3) business days, then the district court judge presiding over the case will select the mediator with a preference for a federal magistrate judge or a retired federal district court or magistrate judge from either the District of Rhode Island or the District of Massachusetts.

  B. The Parties agree that the Joint Agreement, as amended by this Amendment, will not limit, resolve, or determine any claims or defenses that may arise after August

        31, 2024 under then applicable law.

**V.   CLASS NOTICE AND JUDICIAL APPROVAL**

    A.    Upon finalization of this Amendment, the Parties shall promptly present the Amendment to the Court in a Joint Motion for Preliminary Approval of the Settlement ("Joint Motion for Preliminary Approval"), and will propose notice to the class, which will be directed at all present and future Brown women students and potential women students who participate or will seek to participate in intercollegiate athletics at Brown. The fairness hearing required by federal law to approve the Proposed Amendment to the Joint Agreement will be held, and the Parties will cooperate with respect to any such fairness hearing, with Brown bearing all costs of providing notice to the plaintiff class.

    B.    After the Court has conducted a fairness hearing and approved this Amendment, Brown will pay Plaintiffs' reasonable attorneys' fees, costs, and expenses, including expert witness fees, in connection with the current proceeding, including reasonable fees and expenses of any fairness hearing, in an amount either to be determined in mediation with Magistrate Judge Sullivan or, if no agreement is reached in mediation, by the Court.

/s/ Lynette Labinger  Date: 12/21/2020
Lynette Labinger
128 Dorrance St., Box 710
Providence, RI 02903
401.465.9565
ll@labingerlaw.com

/s/ Arthur H. Bryant  Date: 12/21/2020
Arthur H. Bryant
Bailey & Glasser, LLP
1999 Harrison Street, Suite 660
Oakland, CA 94612
510.507.9972
abryant@baileyglasser.com

/s/ Leslie Brueckner  Date: 12/21/2020
Leslie Brueckner
Public Justice, P.C.
475 14th Street, Suite 610
Oakland, CA 94612
510.622.8205
lbrueckner@publicjustice.net

/s/ Lori Bullock  Date: 12/21/2020
Jill Zwagerman, AT0000324
Lori Bullock, AT0012240
Newkirk Zwagerman, P.L.C.
521 E. Locust Street, Suite 300
Des Moines, IA 50309
515.883.2000
jzwagerman@newkirklaw.com
lbullock@newkirklaw.com

*Counsel for Plaintiffs
Cooperating Counsel,
Public Justice, P.C. and
American Civil Liberties Union
Foundation of Rhode Island*

| | |
|---|---|
| /s/ Eileen Goldgeier | Date: 12/21/2020 |

Eileen Goldgeier
Vice President and General Counsel, Brown University
Brown University
Box 1913
Providence, RI  02912
eileen_goldgeier@brown.edu

| | |
|---|---|
| /s/ Roberta A. Kaplan | Date: 12/21/2020 |

Roberta A. Kaplan
Gabrielle E. Tenzer
Joshua Matz
Matthew J. Craig
David Shieh
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
212.763.0883
rkaplan@kaplanhecker.com
gtenzer@kaplanhecker.com
jmatz@kaplanhecker.com
mcraig@kaplanhecker.com
dshieh@kaplanhecker.com

| | |
|---|---|
| /s/ Robert C. Corrente | Date: 12/21/2020 |

Robert C. Corrente
WHELAN CORRENTE & FLANDERS LLP
100 Westminster Street, Suite 710
Providence, RI 02903
401.270.1333
rcorrente@whelancorrente.com

*Counsel for Defendants*

SO ORDERED:

_____  Date: _December 21, 2020_____
Hon. John J. McConnell, Jr., U.S.D.J.